```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

THOMAS HENDERSON,

        Plaintiff,
  vs.                            Civil Action 2:04-CV-937
                                          Magistrate Judge King

FRANKLIN COUNTY CHILD
SUPPORT ENFORCEMENT AGENCY,

        Defendant.

## OPINION AND ORDER

Plaintiff, a federal prisoner, alleges that defendant's collections practices violate the Fair Debt Collection Practices Act and RICO.  With the consent of the parties, 28 U.S.C. §636(c), this matter is now before the Court on defendant's motion for summary judgment. Although plaintiff was advised of the pendency of the motion for summary judgment and of the consequences of his failure to respond, Doc. No. 18, there has nevertheless been no response to the motion for summary judgment.

Summary judgment is appropriate if the record establishes that there exists no genuine issue of material fact. Rule 56, F.R. Civ. Pro. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party.  *Anderson*, 477 U.S. at 251. *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

Plaintiff complains that the defendant continues to pursue collection of plaintiff's child support obligations, knowing that he is incarcerated.  Plaintiff also complains that the defendant is improperly

increasing plaintiff's arrearage for the amounts not paid by him during his incarceration.  Plaintiff seeks injunctive relief requiring defendant to cease its collection procedures and to abate the arrearage.

Under Ohio law, plaintiff is not entitled to a reduction or elimination of his child support obligation merely by virtue of his incarceration.  *See Richardson v. Ballard,* 113 Ohio App.3d 552 (1996).

In any event, to the extent that plaintiff seeks to challenge court orders requiring child support, the *Rooker-Feldman* doctrine precludes the exercise of jurisdiction over that claim.  *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923).

The Court therefore concludes that defendant's unopposed motion for summary judgment is meritorious and it is therefore **GRANTED**.

**The Clerk shall enter FINAL JUDGMENT in favor of defendant.**

April 5, 2006                     *s/Norah McCann King*
                                  Norah M<sup>c</sup>Cann King
                                  United States Magistrate Judge